UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA BURIAN,<br>　　Plaintiff,<br><br>　　　　v.<br><br>ANDREW SAUL, Commissioner of the<br>Social Security Administration,<br>　　Defendant. | )<br>)<br>)<br>)　CAUSE NO.: 2:18-CV-354-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Linda Burian on September 19, 2018, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18], filed February 25, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On March 29, 2019, the Commissioner filed a response, and on April 29, 2019, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.　Background**

On May 30, 2014, Plaintiff filed an application for benefits alleging that she became disabled on January 28, 2014. Plaintiff's application was denied initially and upon reconsideration. On March 8, 2017, Administrative Law Judge ("ALJ") Kevin Vodak held a video hearing at which Plaintiff, without an attorney, and a vocational expert ("VE") testified. On July 18, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.　　The claimant met the insured status requirements of Social Security Act through December 31, 2017.

1

2. The claimant has not engaged in substantial gainful activity since January 28, 2014, the alleged onset date.

3. The claimant has severe impairments: diabetes with peripheral neuropathy, osteoarthritis of both hands, trochanteric bursitis of the right hip, and chronic lumbar pain.

4. The claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity ("RFC") to lift and carry 10 pounds occasionally and less than 10 pounds frequently; frequently operate foot controls bilaterally; frequently handle, finger, or feel with the bilateral upper extremities; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and never work around unprotected heights or moving mechanical parts, and never operate a motor vehicle.

6. The claimant can perform past relevant work as a receptionist, which does not require performance of work-related activities precluded by her RFC.

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 28, 2014, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse

only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (*O'Connor-Spinner I*); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must

"'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner I*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in his determination of the RFC and in his assessment of her subjective allegations. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

Plaintiff argues that the ALJ erred in his determination of her RFC. She argues that the ALJ based his RFC on the prior ALJ decision and the opinion of a non-examining agency physician who did not have the benefit of over 300 pages of medical evidence submitted after his review. The ALJ stated that he gave "significant weight" to a prior ALJ determination and the report of a non-examining state agency physician dated February, 2015. Since that time, significant medical evidence was added to the record reflecting new symptoms, including decreased range of motion, and new and increased pain, as well as treatment records showing continued difficulties with uncontrolled diabetes. The ALJ also discussed two other physician reports, a non-examining agency physician's assessment dated September 2014, which he found "not consistent with the record as a whole, being supplemented, so it merits little weight," and the September 2014 assessment of an examining physician, which was given "some weight." Accordingly, the only opinion the ALJ relied

4

on was that of a non-examining agency physician made several years prior to his decision and without the benefit of significant medical evidence and treatment records.

ALJs are directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [her]." 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *see also Vanprooyen v. Berryhill*, 864 F.3d 567, 572-73 (7th Cir. 2017) (finding error where "without any logical explanation, the administrative law judge gave substantial weight to the opinions of consulting physicians who had never examined [the plaintiff], saying only that they had provided "a good synopsis of the evidence" and that "their opinions are consistent with the overall record"). In addition, "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)); *see also Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018) (citing *Goins*, 764 F.3d at 680; *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014); *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000)) (holding that the ALJ's error in interpreting medical records could have been avoided by seeking an updated medical opinion).

In this case, the ALJ based his opinion on an outdated report of a non-examining agency physician and his own assessment of hundreds of pages of subsequent medical records. The Seventh Circuit has made clear that "ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions." *Moreno*, 882 F.3d at 729 (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor"); *see also Childress v. Colvin*, 845 F.3d 789, 792 (7th Cir. 2017) (describing the evidence of non-treating physicians who had not

had access to the full medical record as "worthless").

Plaintiff also argues that the ALJ failed to explain his conclusion that Plaintiff could frequently handle, finger, and feel with her bilateral upper extremities despite his finding that her osteoarthritis was a severe impairment. The ALJ noted that Plaintiff had improvement from physical therapy and a joint injection, but Plaintiff argues that he failed to consider the continued manipulative difficulties she experienced, including her testimony that she needs assistance with chores like cooking. Especially given the lack of relevant medical opinion evidence, the Court is unable to trace the logic between the evidence of Plaintiff's hand difficulties, with some improvement in pain and range of motion but continued need for assistance in daily activities involving her hands, and the finding that she would be able to frequently handle, finger, or feel in a work environment. *See, e.g.*, *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (reciting "critical differences between activities of daily living and activities in a full-time job," such as the fact "that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer").

Similarly, Plaintiff argues that the ALJ erred in his assessment of Plaintiff's mental health related limitations. The ALJ did not include any limitations in mental health functioning in the RFC, despite finding that Plaintiff has a mild limitation in understanding, remembering, or applying information and mild limitations in concentration, persistence, and pace. The regulations provide: "We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). However, the ALJ did not include

any limitations in mental health function in the RFC, stating that "the record never demonstrates more than a moderate [psychological] impairment with only mild functional limitations." However, the ALJ failed to mention or analyze evidence of Plaintiff's mental health difficulties in explaining how he arrived at the RFC, including multiple diagnoses of major depression and anxiety, and at least one GAF score of 49. Although a GAF score is a "snapshot" of functioning and is not determinative of disability, *see Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010), a GAF of 50 is a score that indicates serious limitations. *See, e.g.*, *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 693 (7th Cir. 2016) (*O'Connor-Spinner II*) ("[Plaintiff]'s GAF score once again was recorded as 50, indicating serious symptoms or functional impairments."); *Campbell v. Astrue*, 627 F.3d 299, 306-07 (7th Cir. 2010) ("A GAF rating of 50 does not represent functioning within normal limits. Nor does it support a conclusion that [the plaintiff] was mentally capable of sustaining work."). In addition to thoroughly analyzing Plaintiff's depression and anxiety, the ALJ is required to considered what effect even mild limitations might have on Plaintiff's ability to work, both alone and in combination with her physical impairments. *See, e.g.*, *Cheryl C. v. Berryhill*, No. 18 C 1443, 2019 WL 339514, at *4 (N.D. Ill. Jan. 28, 2019) (remanding for consideration of mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace); *President v Berryhill*, N. 17 C 4910, 2018 WL 4282053, at *3 (N.D. Ill. Sept. 7, 2018) (requiring that a mild limitation in an area of mental functioning be analyzed in light of the claimant's other impairments when determining the RFC).

The ALJ "must provide a 'logical bridge' between the evidence and his conclusions," *O'Connor-Spinner*, 627 F.3d at 618. The ALJ failed to build that logical bridge in this case, leaving the Court unable to follow the reasoning behind the RFC, and raising concerns that the ALJ

7

substituted his own medical judgment for that of a trained physician and disregarded reports of Plaintiff's mental health difficulties. On remand, the ALJ is directed to thoroughly explain how Plaintiff's claimed limitations are either incorporated into the RFC or found to be unsupported, including analysis of up-to-date opinions by medical professionals and a description of how he accounted for Plaintiff's multiple impairments, both physical and mental, and is reminded of the requirement to fully develop the record. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)).

Plaintiff also argues that the ALJ used boilerplate language to describe his assessment of Plaintiff's subjective analysis. An ALJ is not permitted to

> make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.' It is also not enough for [ALJs] simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304 at *9 (emphasis added). In this case, the ALJ concluded that Plaintiff's report of her symptoms "are not entirely consistent with the objective medical and other evidence for the reasons explained in this decision." AR 17. The decision is being remanded for the errors in the RFC, as described above. On remand, the ALJ is directed to provide specific reasons for the weight given Plaintiff's individual symptoms in accordance with SSR 16-3p. *See Clifford*, 227 F.3d at 872 (remanding where "the ALJ stated, in a conclusory manner, that [Plaintiff's] testimony regarding the limitations placed on her daily activities was unsupported by the medical

evidence").

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 20th day of February, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record